

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-3775
Re: There is no available appro-
priation to pay District
Attorneys pro tem. District
Attorney while serving as a
National Guardsman may not
draw pay from State in excess
of 12 days when absent from
duty.

Your request for opinion has been received and
carefully considered by this department. We quote from
your request as follows:

"Honorable Frank M. Martin, District
Attorney, 24th Judicial District, has for
the past several months been serving in the
National Guards of the United States.
During this period of time, Mr. Martin has
not drawn his salary as District Attorney,
and it has been necessary in several instances
for the District Judge to appoint an attorney
to act as District Attorney pro tem.

"Kindly advise if it would be legal for
Mr. Martin to draw a salary for the days on
which the special attorneys served and pay
the said attorneys or would it be legal for
them to submit claims to be paid from Mr.
Martin's salary account."

We have received further information that Honorable
Frank Martin is a Lieutenant Colonel of the 141st Infantry,
Texas National Guard, now a portion of the National Guard of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the United States. Opinion No. C-3456 of this department addressed to you, citing the case of Carpenter vs. Sheppard, 145 S.W. (2d) 562, holds among other things, that Mr. Martin did not vacate his civil offices of District Attorney when he was inducted into the active military service of the United States. This opinion also holds that Mr. Martin was not entitled to traveling expenses from the military camp to his district.

House Bill 765 of the 47th Legislature of Texas, reads as follows:

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Section 1. Section 1 of House Bill No. 427, Acts, Regular Session of the Forty-second Legislature, is amended hereby to read as follows:

"'Section 1. All officers and employees of the State of Texas and of any county or political subdivision thereof, including municipalities, who shall be members of the National Guard of Texas and of the National Guard Reserve of Texas and of the Organized Reserves of the United States Army and of the Naval Reserves of the Navy of the United States shall be entitled to leave of absence from their respective duties, without loss of efficiency rating, on all days during which they shall be engaged in field or coast defense training, ordered or authorized under the provisions of law, and without loss of pay for the first twelve (12) days of such leave of absence; but such officers and employees shall not be entitled to pay from the State of Texas or any county or political subdivision thereof during such leave of absence for a longer period than twelve (12) days during any one calendar year. Such leave of absence shall be in lieu of any and all other vacations with pay, and said employee shall not be entitled to any other vacation with pay during that fiscal year.

"'The provisions of Section 1 of this Act, limiting such leaves of absence with pay to twelve (12) days in any one calendar year, shall

not apply to members of the Legislature, but
members of the Legislature shall be entitled to
pay on all days, without limitation as to the
number thereof, when they may be absent from the
sessions of the Legislature and engaged in such
field or coast defense training.'

"Section 2. The fact that House Bill No.
427, Acts, Forty-second Legislature, Regular
Session, prohibits the payment of per diem to
members of the Legislature who shall be absent
from attendance on the sessions of the Legis-
lature and engaged as members of the Texas
National Guard in field training ordered under
the provisions of law, for all days of such
absence in excess of twelve (12), under the
crowded condition of the calendar creates an
emergency and an imperative public necessity
requiring that the Constitutional Rule re-
quiring that bills be read in each House on
three several days be suspended, and the same
is hereby suspended, and that this Act take
effect and be in force from and after its
passage, and it is so enacted.

"Passed by the House, March 20, 1941:
Yeas 120, Nays 0; House concurred in Senate
amendment, March 27, 1941: Yeas 122, Nays 0;
passed by the Senate, with amendment, on
March 24, 1941: Yeas 22, Nays 4.

"Approved March 27, 1941.

"Effective March 27, 1941."

The case of Spears vs. Sheppard, State Comptroller,
150 S.W. (2d) 769, holds Article 5890a, V.A.C.S., (sub-
sequently amended by House Bill 765, supra) entitling all
officers and employees of the State and its subdivisions,
who shall be members of the National Guard, to leave of
absence without loss of efficiency rating on all days
during which they are required to engage in training without
loss of pay for the first 12 days of such leave of absence,
does not apply to members of the Legislature, but only
to those employees who are members of the National Guard
and whose salary and tenure of office are fixed by the
Legislature and not by the Constitution.

Honorable George H. Sheppard, Page 4

We think House Bill 765, supra, is applicable to Mr. Martin, because his salary and tenure of office are set by the Legislature and not by the Constitution. (See Article 321, V.A.C.S. |tenure| and Article 3886f |salary|.)

It is therefore our opinion that Mr. Martin may not draw pay from the State as District Attorney in excess of 12 days when absent from duty. He would be entitled to pay for all days that he performed duties as District Attorney.

Article 31, V.A.C.C.P., reads as follows:

"Whenever any district or county attorney fails to attend any term of the district, county or justice's court, the judge of said court or such justice may appoint some competent attorney to perform the duties of such district or county attorney, who shall be allowed the same compensation for his services as is allowed the district attorney or county attorney. Said appointment shall not extend beyond the term of the court at which it is made, and shall be vacated upon the appearance of the district or county attorney."

Under the above statute the court has the right and authority to appoint a District Attorney pro tem when the District Attorney is absent from court and the District Attorney pro tem is entitled to the same pay as the District Attorney. However, after carefully examining the appropriation bill for the current biennium ending August 31, 1941, we have been unable to find any appropriation for District Attorneys pro tem. While the Legislature has specifically provided appropriations for Special District Judges (who serve in the absence or disqualification of the regular District Judges) it has wholly failed to provide any appropriations for District Attorneys pro tem.

It is our opinion that the appropriation available to Mr. Martin is not available to District Attorneys pro tem who serve during his absence. It is our opinion that the only relief available to said District Attorneys pro tem would be to file claims before the Legislature for their services and seek legislative appropriations for same.

Honorable George H. Sheppard, Page 5

Trusting that this satisfactorily answers your inquiry, and with best regards, we are

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

APPROVED AUG 9, 1941

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN
